JUSTICE GRAY,
concurring in part and dissenting in part.
¶45 I concur in the Court’s opinion on issues 2 and 3 and in the result the Court reaches in issue 1, namely that the Incident Report was inadmissible hearsay because it lacked sufficient guarantees of trustworthiness to render it admissible. I disagree with both the substance of the Court’s discussion about whether the Incident Report is a business record and the necessity of beginning to split hairs about what is and what is not a business record for Rule 803(6), M.R.Evid., purposes.
¶46 Rule 803(6), M.R.Evid., provides that records, reports and the like which are made at or near the time of the events at issue are not excluded by the hearsay rule ¿/they are kept in the course of a regularly conducted business activity and it was the regular practice of that business activity to make the record or report, unless “the source of information or the method or circumstances of preparation indicate lack of trustworthiness.” This is the so-called “business records exception” to the hearsay rule. In my view, the Court’s suggestion that the Incident Report is not a “business record” ignores the actual wording of the Rule and also ignores the reality that personnel records — including complaints about employees — are regularly kept and serve legitimate business purposes which have nothing to do with anticipated litigation. The Incident Report at issue clearly was kept in the course of a regularly conducted business activity and it was the regular practice of the business to make the report. No more need be said about that portion of Rule 803(6), M.R.Evid. Indeed, in my opinion, it is neither necessary nor wise to engage in the unproductive exercise of trying to determine how closely related a purported business record is to the main business activity of the enterprise in discussing and applying this Rule.
¶47 Nor is it fair to suggest that, because this Report ultimately led to Bean’s discharge, it was prepared in anticipation of litigation and, as a result, is not a “business record.” Businesses operate through their employees. Moreover, a business like Village Health, which is — in the Court’s words — in the “routine business activity of administering nursing services to elderly residents,” can hardly remain in business without competent and courteous employees who discharge *515 the services in a manner acceptable to both the elderly residents and their visiting loved ones. A complaint about an employee, written up into an Incident Report, is an integral part of the business activity as it enables the business to better provide the services for which it is engaged by training and counseling its employees and, where necessary, disciplining them for conduct which does not measure up to expectations. I would conclude that the Incident Report is a business record as defined in Rule 803(6), M.R.Evid.
¶48 Having done so, I would then conclude, as has the Court, that the Incident Report is not admissible because it lacks sufficient guarantees of trustworthiness. That is the appropriate focus of our inquiry here and a resolution of the issue before us under that portion of Rule 803(6), M.R.Evid., would avoid the confusion and distraction I fear the Court’s analysis of the “business record” portion of the Rule will create in future cases.
¶49 For these reasons, while I disagree with part of the Court’s analysis of issue 1,1 join in the result it reaches on that issue.